# United States District Court
## Western District Of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| | (for offenses committed on or after November 1, 1987) |
| | Re-Sentencing |
| V. | **Case Number:** 06-CR-77-C-01 |
| MARK R. HARDYMAN | **Defendant's Attorney:** Hal Harlowe |

The defendant, Mark R. Hardyman, pleaded guilty to count 1 of the indictment.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1344 | Bank Fraud, a Class B felony | May 7, 2003 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | | | |
|---|---|---|---|
| **Defendant's Date of Birth:** | September 9, 1954 | | March 31, 2010 |
| **Defendant's USM No.:** | 06200-090 | | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | 402 School Street<br>Blanchardville, WI 53516 | | /s/ Barbara B. Crabb |
| **Defendant's Mailing Address:** | c/o Bureau of Prisons | | Barbara B. Crabb<br>District Judge |
| | | | March 31, 2010 |
| | | | Date Signed: |

# IMPRISONMENT

As to count one of the indictment, it is ordered that the judgment entered on July 21, 2006, is amended to provide that defendant is committed to the custody of the Bureau of Prisons for a term of 74 months.

In all other respects, the judgment remains as entered on July 21, 2006.

I recommend that defendant receive a pre-release placement in a residential re-entry center with work release privileges.

Defendant is neither a flight risk nor a danger to the community. Accordingly, execution of the sentence of imprisonment is stayed until August 18, 2006, between the hours of noon and 2:00 p.m., when defendant is to report to an institution to be designated by further court order. The present release conditions are continued until August 18, 2006.

# RETURN

**I have executed this judgment as follows:**

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____

Deputy Marshal

# SUPERVISED RELEASE

The term of imprisonment is to be followed by a five-year term of supervised release, as to the one-count indictment.

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the next page).

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

[X]     The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

Defendant shall also comply with the following special conditions:

1. Register with local law enforcement agencies and the state attorney general as directed by the supervising U.S. probation officer;

2. Provide the supervising U.S. probation officer any and all requested financial information;

3. Refrain from incurring new credit charges, opening additional lines of credit and opening checking accounts without the advance approval of the supervising U.S. probation officer; and

4. Submit his person, residence, office or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises he is occupying may be subject to searches pursuant to this condition.

# STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $13,422,261.00 |
| **Total** | $100.00 | $0.00 | $13,422,261.00 |

It is adjudged that defendant is to pay a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

Defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself and to satisfy his court-ordered restitution obligation.

# RESTITUTION

| NAME OF PAYEE | TOTAL AMOUNT OF LOSS | AMOUNT OF RESTITUTION ORDERED | PRIORITY ORDER OF PAYMENT |
|---|---|---|---|
| FDIC (First National Bank of Blanchardville) | $ 13,422,261.00 | $ 13,422,261.00 | |
| Totals: | $ 13,422,261.00 | $ 13,422,261.00 | |

Defendant is to pay restitution in the amount of $13,422,261.00 to the Clerk of Court for the Western District of Wisconsin for disbursement to:

Federal Deposit Insurance Corporation
Receiver; First National Bank of Blanchardville
ATTN: Claims Department - DRR
1910 Pacific Avenue
Dallas, TX 75201

No interest is to accrue on the unpaid portion of the restitution obligation.

Defendant is ordered to pay $50,000 toward the restitution obligation immediately. The remaining restitution balance is to be paid while defendant is in the custody of the Bureau of Prisons and during the term of his supervised release, if a reasonable schedule of payments is established. Pursuant to 18 U.S.C. § 3664(f)(3)(B), nominal payments of a minimum of $250 a month are to begin within 30 days after his release from custody.

Over the period of incarceration, defendant shall make payments of either quarterly installments of a minimum of $25 if he is working in a non-UNICOR position or a minimum of half of monthly earnings if he is working in UNICOR.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

         (1) assessment;
         (2) restitution;
         (3) fine principal;
         (4) cost of prosecution;
         (5) interest;
         (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.